ROBERTUS F. TROY, Respondent, *v.* RUTLAND RAILROAD COMPANY, Appellant.

Third Department, January 8, 1919.

Railroads — negligence — injury at highway crossing — failure of plaintiff to look in direction of oncoming train — contributory negligence.

Action to recover for personal injuries to the plaintiff who, while driving a team over a rural railway crossing, was struck by the defendant's train. The track crossed the highway at an acute angle, but when near the track the plaintiff had a clear vision in the direction from which the train approached for 600 feet. He testified that he looked in the other direction, but gave no evidence that he looked in the direction of the train. *Held,* that he was guilty of contributory negligence which bars a recovery.

COCHRANE, J., dissented.

APPEAL by the defendant, Rutland Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 22d day of May, 1918, upon the verdict of a jury for $9,267, and also from an order entered in said clerk's office on the 31st day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*Jarvis P. O'Brien* [*Martin L. Murray* of counsel], for the appellant.

*John T. Norton,* for the respondent.

H. T. KELLOGG, J.:

On a January night at about six forty-five P. M., the plaintiff, driving a farm team and sleigh over a country highway, approached a railway crossing, with horses at a trot. He came within 5 feet of the tracks when he observed a train, pulled his team to the left, but failed to clear the tracks. A collision occurred with the result that the plaintiff was thrown and hurt. The night was dark but clear, without wind or storm, and white snow covered the ground. Plaintiff says that he looked and listened, but did not see the train until he was about upon the crossing. The tracks came up from the southwest, making the crossing at an acute angle, so that

as the plaintiff approached the train was to his right and to
his rear.   There was a hill between the track and the high-
way, 400 feet back from the crossing, which at certain points
upon the highway obscured a view of the track.   From all
points upon the highway, however, nearer to the track than
400 feet, no object interfered with vision of the track for 600
feet westerly of the crossing.   The engine of the train carried
a headlight which was burning, and the cars behind were
lighted.   Plaintiff did not testify that he looked both ways,
or that he turned his head or his eyes either to the left or to
the right.   He insists that because of the snow upon the
ground he did not know the exact location of the track.   But
he had crossed the track that very day, and concedes that
as he approached he had definite knowledge that it was not
distant more than 200 feet.   With this knowledge he should
have exercised care and looked both ways.   Had he turned
his head to the right he would have seen the lights upon the
train long before he reached the crossing.   His failure so to
do was negligence, and bars recovery.

The judgment should be reversed and new trial granted.

All concurred, except COCHRANE, J., dissenting.

Judgment and order reversed upon the law and facts, and
new trial granted, with costs to the appellant to abide the
event.   The court disapproves of the finding that the plaintiff
was free from contributory negligence.